Jasen, J.
Appellant Perry Davis stands convicted on charges of burglary and grand larceny, both in the third degree, arising from the looting of an office equipment store on Main Street in the City of Buffalo. The judgment of conviction was unanimously affirmed, without opinion, by the Appellate Division. The primary issue on appeal is whether the circumstantial evidence adduced by the People at trial is legally sufficient to support the conviction. We believe that it is and would affirm the order of the Appellate Division.
In the early morning hours of May 14, 1974, a caretaker who lived in a basement apartment within the burglarized *679 premises reported to the police that the storefront window had been broken and that he could hear footsteps on the floor above. The police arrived in time to find defendant, the only person in the area, standing in front of the shattered window, looking into the store. Investigating officers noticed that one sleeve of defendant’s jacket was pulled down over a badly bleeding hand. Defendant explained that his hand had been cut in a fight and that he was en route to a local hospital. However, the officers noticed blood stains on the broken store window and on the floor inside the store. There was a trail of blood leading to an alleyway and in the alleyway was stashed blood-stained office equipment removed from the store. Chemical analysis revealed that defendant’s blood type matched the blood stains on the window, in the store and on the equipment. Readable fingerprints were found on the equipment, but did not correspond to the fingerprints of the defendant.
A conviction based exclusively upon circumstantial evidence may be sustained only if the hypothesis of guilt flows naturally from the facts proved, and is consistent with them, and the facts proved exclude to a moral certainty every reasonable hypothesis of innocence. (E.g., People v Benzinger, 36 NY2d 29, 32; People v Cleague, 22 NY2d 363, 365-366; see, also, People v Von Weme, 41 NY2d 584.) "In the end, it is a question whether common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inferences asserted for the established facts.” (People v Wachowicz, 22 NY2d 369, 372.) This conviction amply meets the relevant standards. Defendant was observed at the crime scene by officers responding immediately to a report of a crime in progress. Defendant’s hand was badly cut and his blood type matched that found inside the premises and on the stolen equipment. He was the only person in the area and the authenticity of his claim of being en route to a hospital was negated by the fact that the store was not situated on a direct route between the hospital and the location of the alleged fight, although defendant was familiar with the area.
Further, it was not error for the court to deny defendant a requested bill of particulars for information with respect to the composition, attendance and vote of the Grand Jury that indicted him, as well as the nature of the legal advice furnished to the Grand Jury by the prosecution and the court. "The sole function of a bill of particulars is to define more specifically the crime or crimes charged in the indictment, or, *680 in other words, to provide clarification of certain matters set forth in the pleading.” (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 200.90, p 292.) A bill of particulars serves to clarify the pleading; it is not a discovery device. Since the defendant’s request was unrelated to the factual allegations of the charge and was, in truth, a trial gambit in the hope of finding evidence to rebut the regularity of the indictment, the motion for a bill of particulars was properly denied.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.